UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIS COPELIN,<br><br>    Plaintiff,<br><br>v.<br><br>ATHENE ANNUITY AND LIFE COMPANY,<br><br>    Defendant. | Case No. 2:25-cv-00832-SB-JPR<br><br>ORDER (1) STRIKING THE FIRST AMENDED COMPLAINT (DKT. NOS. 47, 50) AND (2) ISSUING ORDER TO SHOW CAUSE |

    In this action, Plaintiff Avis Copelin purports to bring claims on behalf of Terry Gordon and herself.  Because Plaintiff lacks authority to proceed pro se on claims asserted on behalf of Gordon, she has retained counsel.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.").  Counsel's notice of appearance, however, stated that that he is representing Plaintiff as an agent for Terry Gordon, "not to include Avis Copelin, an Individual."  Dkt. No. 39.

### **Order Striking the First Amended Complaint**

    Because her initial complaint did not clearly delineate which claims she is bringing on behalf of Gordon and those brought in her individual capacity, the Court ordered Plaintiff and her counsel to file an amended complaint by April 29 that clearly delineated the two types of claims "if she is intending to proceed on any individual claims."  Dkt. No. 41.  After Plaintiff failed to file an amended complaint by the April 29 deadline, the Court again ordered Plaintiff to file an amended complaint delineating the two types of claims by May 2, 2025.  Dkt. No. 45.  The Court provided that it would "construe Plaintiff's failure to file as an election to dismiss the individual claims with prejudice" and that its order would serve to dismiss the individual claims with prejudice if she failed to timely file an amended pleading.  *Id.*  Three days after the May 2 deadline, Plaintiff and her counsel submitted two virtually identical first amended complaints (FAC) that do not clearly delineate the two types of claims.  Dkt. Nos. 47, 50.

Because the complaints were both untimely[1] and failed to delineate the two types of claims as ordered, the Court strikes the FAC (Dkt. No. 47) and denies the application to lodge the duplicate FAC (Dkt. No. 50).  Nevertheless, the Court provides one last opportunity for Plaintiff to file a compliant pleading.  By May 16, 2025, Plaintiff shall file one—*and only one*—amended complaint that delineates which claim(s) she brings individually and which claim(s) she brings on behalf of Terry Gordon.  For each claim, the complaint shall clearly indicate whether Plaintiff is bringing the claim on behalf of Gordon or herself.  Both Plaintiff and her counsel shall sign the amended complaint pursuant to Rule 11 of the Federal Rules of Civil Procedure and shall serve it on Defendant by email and first-class mail.[2]  The failure to file a timely amended complaint will result in dismissal of all of Plaintiff's claims without prejudice.

Defendant shall file a response to the amended complaint, which may consist of an appropriate motion under Rule 12 of the Federal Rules of Civil Procedure, by May 23, 2025.  Any responsive motion shall be set for hearing on June 20, at 8:30 a.m. in Courtroom 6C.

### Order to Show Cause

Plaintiff and her counsel are also ordered to show cause why they should not be sanctioned under Rule 16(f) for violating court orders and under Rule 11 for submitting improper filings.  The violations are numerous:

---

[1] Plaintiff requested additional time to submit her amended complaint.  Dkt. No. 49.  However, her request—entered on the docket after the May 2 deadline—did not demonstrate good cause for an extension.  *See id.* at 2 (conclusorily stating that Plaintiff was "unable to meet [the] deadline despite diligent efforts").  The request is denied as moot.

[2] Plaintiff and counsel are cautioned that their filings must comply with their obligations under Rule 11.  The FACs are plainly deficient beyond their failure to distinguish between the claims asserted by Plaintiff individually and those brought on behalf of Terry Gordon.  For example, Plaintiff purports to bring a claim under Rule 11 of the Federal Rules of Civil Procedure.  Of course, "Rule 11 does not create a civil cause of action." *Nah v. Jablon*, No. 2:23-CV-06909-RGK-RAO, 2023 WL 8634952, at *4 (C.D. Cal. Nov. 2, 2023), *aff'd,* No. 23-4003, 2025 WL 1202525 (9th Cir. Apr. 25, 2025)

    1.    Plaintiff's counsel belatedly filed a request to appear at the May 9 mandatory scheduling conference (MSC).  The untimely request—filed less than 24 hours before the scheduled hearing—violated the Court's MSC order, which requires requests for remote appearances to be filed with the Rule 26(f) report.

    2.    Plaintiff submitted two FACs—one was untimely filed and the other was untimely lodged.  Plaintiff does not appear to have any legal basis to submit two, virtually identical amended complaints.  Both amended complaints were untimely.  Both amended complaints violated a court order requiring that Plaintiff clearly delineate which claims were brought by her individually and which claims were brought by her on behalf of Terry Gordon.

    3.    On April 29, 2025, Plaintiff filed an ex parte application seeking release of all funds held under Gordon's annuity contract, which the Court denied on May 1.  Despite the denial, Plaintiff filed another ex parte application seeking the same relief on May 8.  The second application—filed one week after the denial of the first application—offers no legal justification for disregarding the Court's earlier ruling or for filing duplicative requests.  The second application also purported to notice it for hearing the following day at 1:30 p.m. in violation of the local rules and the standing orders in this case.  Dkt. No. 7 at 9; L.R. 37-3.

Plaintiff and her counsel shall respond to the OSC, in writing, by May 16, 2025.  In the written response to the OSC, counsel and Plaintiff shall state whether they have ever been sanctioned by any court or agency or been the subject of an OSC for failing to follow any court rule or order.  Plaintiff and her counsel shall submit a single, joint submission responding to the OSC.

The OSC is set for hearing on June 20, 2025, at 8:30 a.m. in Courtroom 6C.  The vacated mandatory scheduling conference is also continued to June 20, at 8:30 a.m.

Date: May 9, 2025

                                              Stanley Blumenfeld, Jr.
                                              United States District Judge